**Jan Peter FROHM, Plaintiff—
Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner
of Social Security Administra-**

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the

tion,* Defendants—Appellees.

No. 01–36007.

D.C. No. CV–00–00711–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided March 12, 2003.

Before REINHARDT, W. FLETCHER,
and GOULD, Circuit Judges.

MEMORANDUM**

Jan Peter Frohm appeals from the district court's affirmance of a decision by an Administrative Law Judge ("ALJ") denying him disability insurance benefits. Because the ALJ reached his conclusion by applying a standard regarding subjective complaints of pain wholly at odds with Ninth Circuit precedent of which he was aware, and because the ALJ further made his credibility determinations by applying an equally inappropriate legal standard, we vacate and remand for a new hearing before a different ALJ.

Frohm's claim rests upon objective medical evidence showing severe back impairments and subjective complaints of pain that, he asserts, resulted from those impairments and was so severe as to render him unable to work. Under our cases, a claimant such as Frohm must "produce medical evidence of an underlying impairment which is reasonably likely to be the

cause of the alleged pain." *Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir.1991) (en banc). He need not, however, produce objective "medical findings that support the *severity* of pain." *Id.* The lack of such findings do not constitute a sufficient basis for rejecting a claimant's testimony regarding the severity of his pain or his claim that his pain is disabling. *Id.*

In contradiction to this rule, the ALJ stated that the "purpose of subjective testimonial evidence would logically appear to be to aid the adjudicator in the resolution of close questions." Subjective evidence, he believed, merely "contribute[s] to the resolution of ambiguities in the evidence, which is the province of the Commissioner"; it is "not controlling on the issue of disability."

Similarly, the ALJ assessed credibility as to subjective matters on the basis of a misapprehension that a sincere belief as to one's subjective feelings (of pain, for example) is not sufficient to make a claimant's testimony as to such subjective feelings credible. This assessment confuses the objective and subjective elements involved in pain cases and taints the entire disability determination in this case.

Given the pervasive nature of the errors by the ALJ, we not only vacate the order denying benefits but remand to the district judge with instructions that further proceedings be held before a different ALJ. Upon remand to the Commissioner, Frohm will be free to supplement the record with additional medical reports or such other evidence as may be appropriate, or he may

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

elect to have an entirely new hearing conducted.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

\* Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.